UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **JACOB RUSH,** *et al.*, | : | **Case No. 1:07cv1068** |
| | : | |
| Plaintiffs, | : | **JUDGE KATHLEEN O'MALLEY** |
| | : | |
| v. | : | |
| | : | |
| **CITY OF MANSFIELD,** *et al.*, | : | **ORDER** |
| | : | |
| Defendants. | : | |

On March 14, 2008, in conjunction with a previously-scheduled status conference, the Court conducted an on-the-record[1] hearing on *Richland County Children's Services Board's Motion to Quash Subpoena Duces Tecum and Motion for Protective Order* (Doc. 62) ("Motion to Quash"), which related to a subpoena for documents issued by Plaintiffs. In advance of the hearing, Richland County Children's Services Board ("Children's Services") submitted copies of the documents at issue to the Court so that the Court could conduct an *in camera* review for the purpose of determining which, if any, of the documents qualify for production to Plaintiffs.[2] In sum, the Motion to Quash arose from Children's Services' concerns with regard to its confidentiality obligations to Plaintiff Krysten Blevins and others (including non-parties) relative to information contained in the documents. The Court heard arguments from Children's Services and Plaintiffs.

---

[1] This order is to be read in conjunction with the Court's oral remarks at the March 14th hearing. *See* Doc. 73.

[2] In its reply brief, Children's Services alternatively suggested that the Court conduct an *in camera* review of the documents. *See* Doc. 66. The *voluminous* documents submitted to the Court were organized into sixty-two (62) "document" packets, each of which contained a cover page prepared by Children's Services identifying the packet (or "document") number and the bases upon which Children's Services argues that the information is confidential.

As outlined in the minutes to the March 14th conference (Doc. 73), the Court concluded that, having considered the relevant standards and authorities outlined in the parties' briefs, *some* of the documents *likely* are discoverable.³ In light of Plaintiffs' clarification of the *multiple* bases upon which they argue that the documents are relevant, however, the Court determined that its *in camera* review was not yet completed.⁴ The Court advised the parties that, following its review, the Court would determine which, if any, of the documents should be produced, <u>and in what form</u>. In the interim, the Court instructed Plaintiffs and Children's Services to prepare and submit to the Court a proposed protective order that, upon the Court's approval, would govern the parties' use of any documents ultimately produced by Children's Services.

The Court has completed its *in camera* review of the documents and, upon full consideration of the authorities cited by the parties, as well as the various competing interests implicated by Plaintiffs' request for the documents, finds that: (1) the documents to be produced are sufficiently relevant to the pending action; (2) Plaintiffs have shown good cause for their disclosure; and (3) their *limited*

---

³ In this regard, the Court granted in part and denied in part the Motion to Quash.

⁴ As outlined at the March 14th conference, Plaintiffs believe the Children's Services documents will demonstrate two things. First, they believe they will demonstrate that Children Services had concluded that the Rush home was not a threat to government officials; rather, it was a welcoming residence. In other words, they believe there was little or no justification for a nighttime search warrant. Second, they believe the documents will demonstrate the unreliability of a confidential informant used by police in aid of obtaining the search warrant for the Rush home. In sum, they argue that Plaintiff Krysten Blevins disclosed to Children's Services past criminal activity by the informant, resulting in her removal from the informant's home, such that the informant had an ulterior motive for informing against the Rush home, to which Blevins was removed.

disclosure outweighs relevant confidentiality concerns.[5] The Court has identified a small subset of documents that it concludes are relevant to Plaintiffs' claims and should be produced to Plaintiffs in redacted form and subject to a protective order. In other words, the Court is not ordering unfettered disclosure of any documents. As outlined at the hearing, Children's Services' concerns are legitimate. The Court addresses those concerns *via*: (1) the release executed by Krysten Blevins; (2) the protective order that will govern the receipt and use of the documents at issue; (3) the Court's use of a narrow definition of "relevance" (*i.e.*, as discussed with Plaintiffs at the hearing) in assessing which documents are discoverable; and (4) substantial redactions to the documents.

Given the *in camera* nature of the Court's review of the documents, the Court independently has: (1) informed Children's Services which documents must be produced; and (2) instructed Children Services with regard to the nature of the redactions to be made to the documents that are to be produced. The Court is advised that Children's Services stands ready to produce to Plaintiffs appropriately redacted version of the documents the Court has identified.

The parties submitted a proposed protective order on April 18, 2008 (Doc. 84). The Court executed the parties' proposal on April 22, 2008. Accordingly, the Court hereby **ORDERS** Children's Services **TO PRODUCE** to Plaintiffs redacted versions of the documents identified *ex parte* by the Court **within five (5) business days of the date of this Order**.

    **IT IS SO ORDERED.**

                                      *s/ Kathleen M. O'Malley*
                                      **KATHLEEN McDONALD O'MALLEY**
    **Dated: April 22, 2008**          **UNITED STATES DISTRICT JUDGE**

---

[5] The Court made clear on the record, and reiterates here, that it was not (and is not) passing judgment as to the *admissibility* of any of the documents. The only issue presently before the Court relates to whether some or all of the Children's Services documents *should be produced* to Plaintiffs (and in what form).